# Tassey *against* Church.

6ws465
173 516

A judgment obtained by one firm against another, each of which is constituted in part of the same members, some of them being both plaintiff and defendant, cannot be executed by a levy upon the separate property of an individual member of the defendant firm.

ERROR to the District Court of *Allegheny* county.

This was an action brought by Samuel Church, James T. M'Vay and Franklin Gordon, trading in the name of Church, M'Vay & Gordon, against John Tassey and Samuel Church, trading in the name of Tassey & Church. The plaintiffs declared for money had and received, &c., and an account stated. A verdict and judgment were rendered against the defendants for $13,013.76.

The defendant, John Tassey, sued out a writ of error to September term 1842, and the Supreme Court affirmed the judgment. He then filed his bill on the Chancery side of the District Court

vi. — 59

[Tassey v. Church.]

of Allegheny county, alleging Church's indebtedness to Tassey & Church, and M'Vay and Gordon's indebtedness to Church, to a much larger amount than the sum of the judgment and costs in the suit at law, and praying an account and injunction.　The argument on the jurisdiction of the court came up on exceptions to the answers for insufficiency, the court and counsel preferring to discuss the question of jurisdiction and relief as if on demurrer to the bill.

GRIER, President, delivered an opinion sustaining the jurisdiction of the court, and directing more full answers to the bill.　Afterwards, on the law side of the court, the plaintiffs in the judgment issued a *fi. fa.*　The sheriff returned *nulla bona* as to the joint property of Tassey & Church, and a levy on the personal property of Tassey as per schedule.　Tassey moved the court to set aside the levy, for the reason that Samuel Church, one of the plaintiffs, was the same Samuel Church, one of the defendants, (which fact was admitted), and hence the judgment on which the execution issued, if valid at all against the defendants, was only so against the partnership effects of the late firm of Tassey & Church, and could not be made off the individual property of John Tassey.

The court below set aside the levy, and this was the subject of the error assigned.

*Loomis* and *Biddle,* for the plaintiffs in error, cited *Gow on Part.* 222; 17 *Serg. & Rawle* 456; 6 *Vez.* 119; *Story on Part.* 345; 6 *Whart.* 540; 4 *Watts & Serg.* 141; 2 *Bos. & Pul.* 120; 1 *Binn.* 123; 3 *Serg. & Rawle* 579; 11 *Serg. & Rawle* 47; 11 *Vez.* 413; 4 *Har. Dig.* 2349; 2 *Watts & Serg.* 361; 4 *Watts* 430; 7 *Cow.* 223; 4 *Johns. Chan.* 14; 3 *Mason* 145; 10 *Watts* 333; 2 *Rawle* 402.

*Dunlop, contra,* cited 8 *Serg. & Rawle* 30; 6 *Taunt.* 605; 5 *Wheat.* 112; *Co. Lit.* 264, n. 1; 1 *Bos. & Pul.* 630; 5 *Whart.* 568; 1 *Rawle* 368; 7 *Serg. & Rawle* 488; 3 *Watts & Serg.* 91; 17 *Serg. & Rawle* 311.

The opinion of the Court was delivered by

GIBSON, C. J.—The argument at the bar has taken a wider range than the point before us, which involves no more than the levy of the execution on the separate estate of Tassey, one of the defendants and a partner of the debtor firm.　The bill on the equity side of the court is no part of the record; and though it is spread on the paper book, it is to have no influence on the question raised by the assignment of error, further than the facts charged may illustrate the injustice and inconvenience of the method attempted in this instance to carry out the remedy, as it is called, provided by the statute, which allows an action to be sustained between distinct firms constituted in part of the same members, some of them standing on both sides of the record as both plaintiff

[Tassey v. Church.]

and defendant.   The statute was enacted, it is said, to provide for a particular case.   It certainly went through the legislature without much consideration of its effect, or the difficulties that would be found to lie in the way of its execution; and it shows how inevitably the administration of justice is plunged into disorder by legislative tampering with its machinery.   The action authorized by the statute may readily be conducted to judgment; but how it could be thought that a writ of execution might be applied to the persons or the separate estate of the individuals who compose the debtor firm, without doing injustice to some of them, or producing some whimsical absurdity, it would require all the ingenuity of the person who framed the act to explain.   It was enacted before the abolition of imprisonment for debt; and to have allowed the judgment authorized by it the full common law effect, would have subjected one of the defendants to arrest on his own execution, but still with the means of regaining his liberty by ordering, in his capacity of plaintiff, his body to be set at large in its capacity of defendant: an operation that would have discharged the debt.   Yet a writ of *capias ad satisfaciendum* could have been issued only against both; and the sheriff would have been as much bound by it to arrest the one as the other. And the same absurdity would appear in the seizure of the separate estate of a party plaintiff in satisfaction of his own execution. It might be avoided, indeed, by directing the sheriff to seize the property of the other defendant; which, though it would be less absurd, would be more unjust.   Say that only a moiety of the debt shall be thus levied, and you mitigate the injury, but do not prevent it; for the ultimate justice of the case would depend not on the apparent duty of equal contribution in the first instance, but on the balance of the partnership accounts, which a court of law is incompetent to ascertain; and if the co-defendant were insolvent, as Church is alleged to be, an action or bill against him for contribution would be of little use.   It may be said that as a partner's separate estate is liable at law for the joint debts in an *action by a stranger, the misfortune of being compelled by the* insolvency of his co-partner to bear the whole burthen, was sometimes felt before the statute in question was enacted.   But the solvent partner would not be bound in equity to pay the part of the money which would be coming to the insolvent partner himself; and he would not be bound to pay any part of it whatever, if, as charged in Tassey's bill as to Church, his co-defendant owed him a sum equal to the amount of the judgment, and were a creditor of the plaintiff firm to the same amount.

What effect, then, must we give to such a judgment?   Its office is obviously to settle the general question of indebtedness between firm and firm, and it was doubtless intended to be followed by execution; but when we subject the joint effects to seizure, we do perhaps all that was contemplated.   That the action was con-

[Tassey v. Church.]

sidered as a proceeding between firms as independent bodies having an existence distinct from the individuals who compose them, seems clear; for the solecism of an action brought by a man against himself for purposes of self-execution, could scarce have been entertained by the legislature. The Roman law and the codes that have sprung from it, treat a firm as a *quasi* corporation, and allow it to sustain the relations of debtor and creditor with the individuals who compose it, as well as to sue them and be sued by them; and why may we not carry the principle the same length, by holding that where a judgment is between firm and firm, and not between man and man, the joint property of the debtor firm, like the property of a corporation, is alone liable to execution? It is true the Roman law does not thus dispose of the difficulty; and I am sorry that we are hindered by the stiffness of common law forms from choosing the course pointed out by it; for it is impossible to satisfy the wants of justice between partners by any management of an execution, or indeed by any common law process whatever. The crude and unwieldy action of account render has been so long disused that it is imperfectly understood; and the attempt of our legislature to adapt it to modern use has not made it much better. Happily the chancery powers which have been vested in the judiciary will make the statute before us a dead letter, where there are not joint effects; and where it happens, as it sometimes must, that execution even of the partnership property would work injustice between defendants in circumstances like the present, the partner jeoparded will arrest it by a bill for an injunction and a settlement of the accounts.

Our decision of the point before us is of little importance to the present parties; for were we to restore the execution to its activity, the District Court would be bound to suspend it by such an injunction. The facts charged by the bill in that court would demand it; for if Church is insolvent, and not only indebted to his co-defendant but a creditor of his co-plaintiff, it would be inequitable to let the execution go on. I say this not to forestall the opinion of the able court which has the matter in charge, but to show the injustice of letting the money be recovered of one of the partners at law. The act might as well be expunged from the statute book, since such matters must eventually find their way into equity. We are of opinion, therefore, that the levy was properly set aside; and that Tassey's separate property cannot be seized till the accounts are taken and the equities settled between the defendants.

Order setting aside the levy affirmed.