## Pennock *against* Swayne.

6ws239
173 516

Writ issued at the suit of C. S. and J. P., trading under the firm of S. & P., against G. P. & J. P., trading under the firm of G. & J. P., J. P. being a member of both firms, and was returned next day " Summoned personally on G. P." In the declaration filed the day the writ issued, the plaintiffs " complain of G. P., who has been summoned, &c.; for that, &c. the defendant and J. P. (who was joined as defendant in the writ in this suit, but who was not summoned, as appears by the record,) &c. were indebted, &c." G. P. pleaded and verdict for plaintiffs. On a writ of error taken by G. P. the proceedings were reversed as irregular and illegal, and such as could not be cured by verdict.

ERROR to the Common Pleas of *Chester* county, in which an action of *assumpsit* for goods sold and delivered was brought to February term 1841, by Caleb Swayne and Joel Pennock, lately trading under the firm of Swayne & Pennock, to the use of Benjamin Swayne, David Walton, John M'Gowen and Reuben Pusey, their assignees, against George W. Pennock and Joel Pennock, lately trading under the firm of G. W. & J. Pennock. On the 20th January 1841, the writ issued in conformity with the *præcipe* against George W. Pennock and Joel Pennock, lately trading under the firm of G. W. & J. Pennock, and the next day the sheriff returned " Summoned personally on George W. Pennock." On the day the writ issued, a declaration was filed, stating that the plaintiffs " complain of George W. Pennock, who has been summoned to answer the plaintiff in an action of trespass on the case; for that whereas the defendant and Joel Pennock (who was joined as defendant in the writ in this suit, but who was not summoned, as appears by the record,) lately trading under the firm of G. W. & J. Pennock, &c. were indebted to the plaintiff, &c." for goods sold and delivered. After a rule to plead, the defendant pleaded *non assumpsit* and payment with leave, &c., and in May 1842 a verdict was rendered for the plaintiffs for $4757.77.

[Pennock v. Swayne.]

The record contained notes of the evidence and bills of exception to evidence; but these were not certified by the court below, and therefore not noticed here.    The following errors were assigned :

1. The *præcipe* and writ are against G. W. & Joel Pennock jointly as defendants; and the sheriff returns that he has summoned G. W. Pennock, without taking any notice of Joel, the other defendant, in his return.

2. The plaintiffs file their declaration against George W. Pennock alone, without stating in the declaration that the sheriff had returned that Joel, the other defendant, could not be found; or that the said Joel, the other defendant, was not or could not be found within the bailiwick of the sheriff.

3. The jury are sworn, and the verdict and judgment are entered generally, without saying whether against one or both of the defendants.

*Meredith*, for the plaintiff in error, contended that the proceedings were irregular and the judgment erroneous.    There was no return as to Joel, which was indispensable to the plaintiffs' proceeding.    In England the mode of proceeding in such case is first to prosecute the delinquent defendant to outlawry, before judgment can be had against the defendant appearing.    Our practice does not require that; but it is essential there should first be some return by the sheriff as to all the defendants.    Otherwise, it is in the power of the plaintiff to perpetrate great injustice, especially where, as here, the same person is one of the plaintiffs as well as one of the defendants; and he might take this course to screen himself and compel his partner defendant to pay his own debt. The declaration was filed on the day the writ issued, and states a return of not summoned, which is untrue.    The Act of 14th April 1838, *Purd.* (1841) 841, authorizing a suit at law where a partner plaintiff is also a partner defendant, was never intended to countenance a proceeding of this kind.    He cited *Taylor* v. *Henderson*, (17 *Serg. & Rawle* 456) ; *Latshaw* v. *Steinman*, (11 *Ib.* 357) ; *Boaz* v. *Heister*, (6 *Ib.* 18) ; *Stewart* v. *Abrams*, (7 *Watts* 448) ; *Sheets* v. *Rudebaugh*, (2 *Rawle* 150) ; *Craig* v. *Craig*, (3 *Ib.* 472) ; *Lee* v. *Parker*, (5 *Whart.* 342).

*Darlington*, contra, alleged there had been a reference and award and an appeal by George W. Pennock, and contended that after all these, and pleading and verdict on the merits, it was too late for him to come in by writ of error to take advantage of mere defect of form.    He should have demurred or moved in arrest of judgment.    The declaration does no more than anticipate the truth, viz., that Joel was not summoned; for that is substantially the return of the sheriff.    The suit was not brought by Joel, but at the instance of his assignees, and this appears in the *præcipe*

[Pennock v. Swayne.]

and writ. The plaintiffs could only proceed against the one who appealed. This court will not presume Joel directed the sheriff not to serve this writ on himself, or that the sheriff neglected his duty.

The opinion of the Court was delivered by

HUSTON, J.—The defendants here were plaintiffs below, and on the 20th January 1841 issued by their attorney a *præcipe* for a writ in case against George W. Pennock and Joel Pennock, trading under the firm of G. W. & J. Pennock. The writ issued according to the *præcipe*, commanding the sheriff to summon both defendants. The sheriff returned: January 21, 1841, summoned personally George W. Pennock: so answers. We now go back. On the day on which the *præcipe* for the writ was put into the office, viz., 20th January 1841, a narr. was filed. The declaration, after stating the plaintiffs as above, says: who "complain of George W. Pennock, who has been summoned to answer the plaintiffs in an action of trespass on the case; for that whereas the defendant and Joel Pennock, (who was joined as defendant in the writ in this suit, but who was not summoned, as appears by the record), lately trading under the firm of G. W. & J. Pennock," and then goes on in the *usual form* against them for goods sold and delivered.

Here we notice that a declaration, filed before the writ was delivered to the sheriff, states that they were summoned, but the writ had not been served on Joel, as appears by the record, and the summons not yet either served or returned. It then presents a case of a suit against one of two persons stated to be partners in the writ. In England, from whence we derived our laws, if a writ issued against two or more, and one could not be found, the plaintiff was obliged to proceed to outlawry against such defendant on whom the process could not be served, before taking any steps against the defendant on whom the process had been served. In this State the universal practice has been, if the sheriff cannot find one of defendants, to return *non est inventus* as to such one; or if the process is a summons, and one does not reside and cannot be served personally, the sheriff returns *nihil habet* as to such one; and such return being made by the sheriff on his writ, the plaintiff proceeds against him or them who are summoned, (this return being stated in the declaration), as is done in England on an outlawry of one. The proceeding in this case is a step in advance of our practice and of the law. I shall not inquire whether this proceeding occurred from design or accident. It is an attempt to recover from one of two persons, stated by the plaintiff to be partners, what, by his own showing, is due from both; which cannot be done: but it is more; it is an attempt by one partner (for Joel is a plaintiff) to recover from or to compel his partner to pay what he owes as much as that partner does. The Act of 6th April 1830 cannot be so construed as to assist the proceedings in this

[Pennock v. Swayne.]

case.   It was framed to cure a defect in the law, which exempted a defendant, on whom the sheriff for any cause could not serve process, from any future suit.   At that time a partner could not, except where there had been a settlement of accounts, sue in *assumpsit* another partner; nor was it possible, as the law then stood, that the same person should be plaintiff, or one of plaintiffs, and also defendant, or one of several defendants, in the same suit; except perhaps where a partner sold an article or articles or performed work for a firm of which himself was one; and if this could be done, it must be on a special contract and for an agreed sum.

By the Act of 14th April 1838, it is provided that "no action now pending on a writ of error or otherwise, or hereafter to be brought by partners or several persons against partners or several persons, shall abate or the right of such partners or several persons plaintiffs to sustain their action be defeated by reason of one or more individuals being or having been members of both firms, or being or having been of the parties plaintiffs and also of the parties defendants in the same suit, nor shall the judgment rendered thereon, if still pending on a writ of error, be affirmed against the right of such plaintiff or plaintiffs *to sustain such* action, nor reversed for the purpose of defeating *such right*, but the same shall proceed to trial and judgment as though the parties plaintiffs and defendants were separate and distinct persons," and then proceeds to direct as to the evidence, &c.   But this Act, if still in force, would not avail the plaintiffs in the case before us; for Joel Pennock is not a party both plaintiff and defendant, but carefully left out as defendant; and if this judgment could be supported and an execution levied on the partnership property of the defendants, yet the individual property of Joel could not be reached, while the whole of George's property would be sold to pay Joel for a debt of which Joel ought to pay one-half.

But, it would seem, the Legislature were soon aware that this Act, if the judgment were carried out by execution, might work the most palpable injustice, and by Act of 13th October 1840 they gave to the Supreme Court and the several Courts of Common Pleas all the power of a Court of Chancery in settling partnership accounts, and all other such accounts and claims as by the common law and usages of this Commonwealth have heretofore been settled by action of account-render, &c.

We had before us a case from the District Court of Allegheny, in which Church, M'Vay and Gordon had recovered a judgment for a large amount against Church & Tassey, and taken execution and levied on the real estate of Tassey.   On an application to the court by bill stating that Church (who was both plaintiff and defendant) owed Tassey a much larger sum than the amount of said judgment, the court granted an injunction staying proceeding on the levy on real estate until an account was taken of the real estate of accounts between the parties, Church & Tassey; and we

[Pennock v. Swayne.]

affirmed the proceedings. It was not possible to conceive, that, so far as the money to be levied would go to Church, the Legislature ever intended the property of a man, who at the time of commencement of the suit and of the judgment and execution was a large creditor of one of the plaintiffs, should have his property sold on a proceeding in court, in which he could not avail himself of the facts; and it was considered that although the suit at law might adjust the accounts between the firms, yet after that was done, a proper case was made out for the equitable interference of the court. In this case, however, there is no legal judgment under any law, common or statute, and nothing on which the jurisdiction of a court of equity can act, as in the case last mentioned.

But, it was said, the party defendant might have demurred to the declaration or moved in arrest of judgment. This I admit; but he was not compelled to do so. There are cases, too, in which a verdict cures a cause of action defectively stated, because this court would presume, after verdict, that all which was necessary to a recovery had been proved at the trial; but where the whole proceedings are in a shape unknown to the law and contrary in their effect to every principle of justice, and nothing could have been proved on the trial which could cure the illegality, we must reverse the proceedings.

*Judgment reversed.*